IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSEPH WAYNE CREEMEDICINE,<br><br>Defendant. | CR 12-53-GF-BMM-01<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |

## I. Synopsis

The United States accused Mr. Creemedicine of violating his conditions of supervised release by failing to attended chemical dependency treatment and by failing an alcohol breath test. The United States moved to dismiss the petition so that Mr. Creemedicine may immediately enter a treatment program. The Court recommends that the district court grant the United States' motion.

## II. Status

On September 12, 2012, Mr. Creemedicine pleaded guilty to two counts of Assault resulting in Serious Bodily Injury. (Doc. 27.) On January 8, 2013, Chief United States District Judge for the District of Montana Dana Christensen sentenced Mr. Creemedicine to thirty-five months in custody, with thirty-six months of supervised release to follow on each count, to run concurrently.

On June 10, 2015, The United States Probation Office (USPO) filed a Report of Offender Under Supervision addressing Mr. Creemedicine's use of marijuana, methamphetamine, and alcohol. (Doc. 40.) On June 29, 2015, the Court transferred Mr. Creemedicine's case to the Western District of Washington. (Doc. 43.) On July 30, 2015, The Western District of Washington revoked Mr. Creemedicine's supervised release because he committed Assault, consumed alcohol, and drove under the influence of alcohol. The Western District of Washington sentenced Mr. Creemedicine to two months in custody followed by thirty-six months of supervised release. On March 17, 2016, the Western District of Washington again revoked Mr. Creemedicine's supervised release because Mr. Creemedicine failed to report to a Residential Reentry Center and traveled outside of the district without approval. The Western District of Washington sentenced him to five months in custody with twenty-four months of supervised release to follow. Mr. Creemedicine began his current term of supervised release on April 15, 2016. On June 9, 2016, The Western District of Washington transferred jurisdiction over

Mr. Creemedicine's case to the District of Montana.

On August 11, 2016, The USPO filed a Report of Offender Under Supervision addressing Mr. Creemedicine's use of alcohol. (Doc. 45.) The Court allowed Mr. Creemedicine to continue supervision. On September 22, 2016, the USPO again filed a Report of Offender Under Supervision because Mr. Creemedicine consumed alcohol, missed chemical dependency treatment, and failed to notify his probation officer of law enforcement contact. (Doc. 47.) The Court continued Mr. Creemedicine's supervised release with the understanding Mr. Creemedicine would seek inpatient treatment at Crystal Creek.

**Petition**

On September 29, 2016, the USPO filed a petition asking the Court to revoke Mr. Creemedicine's supervised release. The USPO accused Mr. Creemedicine of violating his conditions of supervised release by failing to attended chemical dependency treatment and by failing an alcohol breath test. (Doc. 48.) Based on the petition, United States District Court Judge Brian Morris issued a warrant for Mr. Creemedicine's arrest. (Doc. 49.)

**Initial appearance**

On October 4, 2016, Mr. Creemedicine appeared before the undersigned in Great Falls, Montana for an initial appearance. Federal Defender Hank Branom

accompanied him at the initial appearance. Assistant United States Attorney Jeffery Starnes represented the United States.

Mr. Creemedicine said he had read the petition and understood the allegations. Mr. Creemedicine waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned. The Court continued the revocation hearing so that the USPO could make arrangements for Mr. Creemedicine to attend substance abuse treatment.

**Revocation hearing**

On November 1, 2016, Mr. Creemedicine appeared before the undersigned for a revocation hearing. Federal Defender Evangelo Arvanetes represented him. Assistant United States attorney Jeffery Starnes represented the United States. Mr. Starnes moved to dismiss the petition so that Mr. Creemedicine may attend substance abuse treatment.

### III. Analysis

The district court should grant the United States' motion to dismiss the petition so that Mr. Creemedicine may immediately begin substance abuse treatment. The Court finds that treatment is the best course of action at this point.

### IV. Conclusion

Mr. Creemedicine was advised that the above would be recommended to Judge Morris. The Court reminded him of his right to object to these Findings and

Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider Mr. Curtis's objection, if it is filed within the allotted time, before making a final determination on whether to revoke Mr. Lapier's supervised release and what, if any, sanction to impose.

The undersigned **FINDS:**

> Substance abuse treatment is the best course of action for Mr. Creemedicine at this point.

The undersigned **RECOMMENDS:**

> The district court should grant the United States' motion to dismiss the petition seeking to revoke Mr. Creemedicine's supervised release .

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 7th day of November 2016.

_____
John Johnston
United States Magistrate Judge