IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 12-53-GF-BMM-01 |
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| JOSEPH WAYNE CREEMEDICINE, | |
| Defendant. | |

## I.  Synopsis

The United States accused Mr. Creemedicine of violating his conditions of supervised release by failing to reside in a Residential Reentry Center as his conditions of supervised release required. He admitted to the allegation. His supervised release should be revoked, and he should be sentenced to four months in custody on each count, to run concurrently, with twenty months of supervised release to follow on each count, to run concurrently.

## II.  Status

On September 12, 2012, Mr. Creemedicine pleaded guilty to two counts of Assault resulting in Serious Bodily Injury. (Doc. 27.) On January 8, 2013, Chief United States District Judge for the District of Montana Dana Christensen sentenced Mr. Creemedicine to thirty-five months in custody, with thirty-six months of supervised release to follow on each count, to run concurrently.

On June 10, 2015, The United States Probation Office (USPO) filed a Report of Offender Under Supervision addressing Mr. Creemedicine's use of marijuana, methamphetamine, and alcohol. (Doc. 40.) On June 29, 2015, the Court transferred Mr. Creemedicine's case to the Western District of Washington. (Doc. 43.) On July 30, 2015, The Western District of Washington revoked Mr. Creemedicine's supervised release because he committed Assault, consumed alcohol, and drove under the influence of alcohol. The Western District of Washington sentenced Mr. Creemedicine to two months in custody followed by thirty-six months of supervised release. On March 17, 2016, the Western District of Washington again revoked Mr. Creemedicine's supervised release because Mr. Creemedicine failed to report to a Residential Reentry Center and traveled outside of the district without approval. The Western District of Washington sentenced him to five months in custody with twenty-four months of supervised release to follow. Mr. Creemedicine began his current term of supervised release on April 15, 2016.

On June 9, 2016, The Western District of Washington transferred jurisdiction over Mr. Creemedicine's case to the District of Montana.

On August 11, 2016, The USPO filed a Report of Offender Under Supervision addressing Mr. Creemedicine's use of alcohol. (Doc. 45.) The Court allowed Mr. Creemedicine to continue supervision. On September 22, 2016, the USPO again filed a Report of Offender Under Supervision because Mr. Creemedicine consumed alcohol, missed chemical dependency treatment, and failed to notify his probation officer of law enforcement contact. (Doc. 47.) The Court continued Mr. Creemedicine's supervised release with the understanding Mr. Creemedicine would seek inpatient treatment at Crystal Creek.

On September 29, 2016, the USPO filed a petition asking the Court to revoke Mr. Creemedicine's supervised release.  The USPO accused Mr. Creemedicine of violating his conditions of supervised release by failing to attended chemical dependency treatment and by failing an alcohol breath test. (Doc. 48.) The United States moved to dismiss the petition so that Mr. Creemedicine could begin chemical dependency treatment immediately. The Court granted the motion.  (Doc. 57.)


**Petition**

On March 9, 2017, the USPO filed a Petition for Warrant for Offender

Under Supervision asking the Court to revoke Mr. Creemedicine's supervised release because he failed to reside at a Residential Reentry Center as his conditions of supervised release required. (Doc. 60.) United States District Brian Morris issued a warrant for Mr. Creemedicine's arrest based on the allegations in the petition. (Doc. 61.)

**Initial appearance**

On March 15, 2017, Mr. Creemedicine appeared before the undersigned in Great Falls, Montana for an initial appearance.  Federal Defender Anthony Gallagher accompanied him at the initial appearance.  Assistant United States Attorney Jessica Betely represented the United States.

Mr. Creemedicine said he had read the petition and understood the allegations.  Mr. Creemedicine waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

Mr. Creemedicine admitted to the allegation in the petition. The violation is serious and warrants revocation of his supervised release.

Mr. Creemedicine's violation grade is Grade C, his criminal history category is II, and his underlying offenses are Class C felonies.  He could be incarcerated for up to twenty-four months on each count and could be ordered to remain on supervised release for twenty-four months on each count, less any custody time

imposed.  The United States Sentencing Guidelines call for four to ten months in custody.

Mr. Gallagher recommended a sentence below the guideline range. Mr. Creemedicine exercised his right of allocution and stated that drugs were too readily available at the prerelease center. Ms. Betley recommended a sentence at the low-end of the guideline range.

### III.   Analysis

Mr. Creemedicine's supervised release should be revoked because he admitted violating its conditions.  He should be sentenced to four months in custody on each count, to run concurrently, with twenty months of supervised release to follow on each count, to run concurrently.   This sentence would be sufficient given the seriousness of the violations but not greater than necessary.

### IV.   Conclusion

Mr. Creemedicine was advised that the above would be recommended to Judge Morris.  The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance.  The undersigned explained that Judge Morris would consider his objection, if it is filed within the allotted time, before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The undersigned **FINDS:**

> Joseph Wayne Creemedicine violated the conditions of supervised release by failing to reside at a residential reentry center.

The undersigned **RECOMMENDS:**

> The District Court should enter the attached Judgment, revoking Mr. Creemedicine's supervised release and committing him to the custody of the United States Bureau of Prisons for four months in custody on each count, to run concurrently, with twenty months of supervised release to follow on each count, to run concurrently.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing.  28 U.S.C. § 636(b)(1).  A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 23rd day of March 2017.

John Johnston
United States Magistrate Judge